UNITED STATES DISTRICT COURT                    **PRIORITY SEND**
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 10-3427-JFW (RZx)**                              Date:  February 25, 2011

Title:      United States of America -v- Kent Froehlich, et al.

**PRESENT:**

     HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
     None                                                                                  None

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT
**[filed 1/31/2011; Docket No. 18]**

On January 31, 2011, Plaintiff United States of America ("Plaintiff" or the "United States") filed a Motion for Summary Judgment.  On February 11, 2011, Defendant Fred Steinberg, Conservator of Kent Froehlich, filed a Statement of Genuine Disputes.  On February 16, 2011, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 28, 2011 is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Social Security is a program whereby the federal government, through the Social Security Administration ("SSA"), provides monetary benefits to certain eligible elderly, disabled and other individuals.  Ruth Froehlich, born on February 24, 1908, was entitled to widow's benefits from early 1991 until the time of her death on August 29, 1991.

Defendant Kent Froehlich, Ruth Froehlich's son, did not report his mother's death to the SSA as required by law.  Instead, from August 1991 until May 2009, Kent Froehlich illegally deposited checks totaling $407,687.00, made payable to his mother Ruth Froehlich, into a Bank of America account in the name of the "Sam and Ruth Froehlich Family Trust."   Kent Froehlich was trustee and beneficiary of the Sam and Ruth Froehlich Family Trust, and thus had control and access to the funds deposited in the Bank of America account.  It is undisputed that Kent Froehlich

misappropriated those funds for his own benefit.

SSA did not learn of Ruth Froehlich's death until May 14, 2009, when Fred Steinberg, who was appointed as Kent Froehlich's Conservator on April 29, 2009, advised SSA of her death. Fred Steinberg also became the Successor Trustee of the Sam and Ruth Froehlich Family Trust on December 28, 2009.

On May 7, 2010, the United States filed its Complaint against Defendant Kent Froehlich, individually and as trustee and beneficiary of the Sam and Ruth Froehlich Family Trust Dated February 27, 1991; the Sam and Ruth Froehlich Family Trust Dated February 27, 1991; and Fred Steinberg, Conservator of Kent Froehlich (collectively "Defendants"). The United States alleges the following claims for relief: (1) violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1) against Defendant Kent Froehlich; (2) violation of the FCA, 31 U.S.C. § 3729(a)(2) against Defendant Kent Froehlich; (3) conversion against Defendant Kent Froehlich; (4) payment by mistake against Defendant Kent Froehlich; (5) common law fraud against Defendant Kent Froehlich; (6) negligent misrepresentation against Defendant Kent Froehlich; (7) unjust enrichment against all Defendants; and (8) constructive trust against all Defendants.

The United States seeks summary judgment against defendants Kent Froehlich and the Sam and Ruth Froehlich Family Trust Dated February 27, 1991 on its claims under the FCA, 31 U.S.C. § 3729(a)(1) and (2) and on its common law claim for payment by mistake.

## II. LEGAL STANDARD

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party opposing a properly made and supported motion for summary judgment may not rest upon mere denials but must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."). In particular, when the non-moving party bears the burden of proving an element essential to its case, that party must make a showing sufficient to establish a genuine issue of material fact with respect to the existence of that element or be subject to summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "An issue of fact is not enough to defeat summary judgment; there must be a genuine issue of material fact, a dispute capable of affecting the outcome of the case." *American International Group, Inc. v. American International Bank*, 926 F.2d 829, 833 (9th Cir. 1991) (Kozinski, dissenting).

An issue is genuine if evidence is produced that would allow a rational trier of fact to reach a verdict in favor of the non-moving party. *Anderson*, 477 U.S. at 248. "This requires evidence, not speculation." *Meade v. Cedarapids, Inc.*, 164 F.3d 1218, 1225 (9th Cir. 1999). The Court must assume the truth of direct evidence set forth by the opposing party. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 507 (9th Cir. 1992). However, where circumstantial evidence is presented, the Court may consider the plausibility and reasonableness of inferences arising therefrom. *See Anderson*, 477 U.S. at 249-50; *TW Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d

626, 631-32 (9th Cir. 1987).  Although the party opposing summary judgment is entitled to the benefit of all reasonable inferences, "inferences cannot be drawn from thin air; they must be based on evidence which, if believed, would be sufficient to support a judgment for the nonmoving party." *American International Group*, 926 F.2d at 836-37.  In that regard, "a mere 'scintilla' of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

### III. DISCUSSION

#### A. The United States is entitled to Summary Judgment against Defendant Kent Froehlich.

The United States has presented undisputed evidence that it is entitled to summary judgment against Defendant Kent Froehlich on its FCA claim and common law claim for payment by mistake.  Indeed, Defendant Kent Froehlich (through his Conservator, Fred Steinberg) does not dispute that he knowingly misappropriated his deceased mother's Social Security checks over a period of approximately eighteen years, from 1991 through 2009.

The FCA, 31 U.S.C. § 3729, provides for a civil penalty of not less than $5,000 and not more than $10,000 per false claim, plus three times the amount of damages sustained by the Government.  The United States concedes that the statute of limitations on its FCA claim bars recovery for checks negotiated prior to May 7, 2000.  *See* 31 U.S.C. § 3731(b).  As a result, the United States can only recover on its FCA claim for the 111 checks (totaling $227,364) fraudulently deposited by Kent Froehlich since May 7, 2000.  However, given the egregious and prolonged criminal conduct in this case by a member of the State Bar of California and a former criminal prosecutor, the Court finds that it is appropriate to award the maximum allowable penalty of $10,000 for each check.  Accordingly, awarding the maximum allowable penalty of $10,000 for each check misappropriated by Kent Froehlich after May 7, 2000 and trebling the amount of damages which the Government sustained, the Government is entitled to recover $1,792,092 on its FCA claim for relief.

Unlike the FCA's statute of limitations, the Court concludes that the statute of limitations for the common law payment by mistake claim does not bar recovery for the checks misappropriated before May 7, 2000.  *See* 28 U.S.C. § 2416(c).  Accordingly, the United States is entitled to recover an additional $180,323 on its common law payment by mistake claim for those checks misappropriated before May 7, 2000.

#### B. The United States is not entitled to Summary Judgment against the Sam and Ruth Froehlich Family Trust Dated February 27, 1991.

The Government also seeks summary judgment against the Sam and Ruth Froehlich Family Trust.  However, under California law, "[u]nlike a corporation, a trust is not a legal entity.  Legal title to property owned by a trust is held by the trustee . . . . A trust is simply a collection of assets and liabilities.  As such, it has no capacity to sue or be sued, or to defend an action." *Stoltenberg v. Newman*, 179 Cal. App. 4th 287, 293 (2009) (quotations and citations omitted).  "[T]he proper procedure for one who wishes to ensure that trust property will be available to satisfy a judgment . .

. [is to] sue the trustee in his or her representative capacity." *Galdjie v. Darwish*, 113 Cal. App. 4th 1331, 1349 (2003).

Accordingly, the Sam and Ruth Froehlich Family Trust is not a proper party to this action and judgment cannot be entered against it. In order to obtain judgment "against the trust" as sought by the United States, it was incumbent upon the United States to sue Fred Steinberg, in his capacity as Successor Trustee of the Sam and Ruth Froehlich Family Trust.

## IV.    CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment is **GRANTED in part, DENIED in part.** The United States' Motion for Summary Judgment as to Defendant Kent Froehlich is **GRANTED.** In all other respects, the United States' Motion for Summary Judgment is **DENIED.**

Because there are pending claims for relief, final judgment cannot be entered at this time, which will prevent the United States from executing on Kent Froehlich's assets including those trust assets that have already been distributed to Kent Froehlich. If the United States desires the Court to enter a final judgment at this time, the United States should file a dismissal of its remaining claims for relief and submit a proposed judgment consistent with this Order on or before March 4, 2011.

IT IS SO ORDERED.